## Wilson *et al. versus* Coursin.

A woman decreed a *feme sole* trader, under the Act of May 4th 1855, may, during the life of her husband, convey her real estate by deed in which her husband does not join.

November 11th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county :* No. 54, to October and November Term 1872.

This was an action of ejectment brought to March Term 1871,

[Wilson *v.* Coursin.]

of the court below, by Benjamin Coursin against Susan Wilson and Bichri Wilson, to recover a lot in McKeesport.

The title of the premises was in Susan Wilson, one of the defendants, on the 18th of July 1858. On the 15th of April 1861, Susan Wilson, being then the wife of Benjamin Wilson, was by virtue of the Act of May 4th 1855, Pamph. L. 430, 1 Br. Purd. 692, pl. 56, decreed to be a *feme sole* trader, under the Act of February 22d 1718, 1 Sm. L. 99, 1 Br. Purd. 692, pl. 1, and it was decreed that her property " shall be subject to her free and absolute disposal during life, or by will, without any liability to be interfered with or obtained by her husband, Benjamin Wilson," and the court decreed that a certificate issue to Mrs. Wilson, authorizing her to act and have the power to transact business, &c.

On the 25th of April 1861, Mrs. Wilson, her husband being still living, conveyed the premises by deed from herself alone to Sarah D. Hammer.

On the 13th of June, Sarah D. Hammer, with her husband, executed a mortgage of the premises to Benjamin Coursin, the plaintiff. A scire facias was issued on the mortgage, and judgment recovered September 10th 1868. Under a levari facias the premises were sold by the sheriff to Coursin, and sheriff's deed made to him February 6th 1869.

On the trial, February 19th 1872, before Sterrett, P. J., the foregoing facts were given in evidence, under objection and exception :—

The court charged : * * *

" The question then arises, whether Mrs. Wilson, under the decree of the court declaring her a *feme sole* trader, had power to convey title to Mrs. Hammer ? If she had, then the plaintiff, Coursin, acquired such title as Hammer and his wife had in the lot. This is a question of law, which we will reserve for future consideration.

" For the present, we instruct you, *pro forma*, that under and by virtue of the proceedings and decree of the Court of Common Pleas, Susan Wilson was empowered to convey title to Mrs. Hammer, by her deed of April 25th 1861, without her husband joining therein, and that such title as Mrs. Hammer acquired by said conveyance passed to the plaintiff, Coursin, by virtue of the sheriff's sale and conveyance under the mortgage of Hammer and wife, and consequently the plaintiff is entitled to your verdict, which will be entered, subject to the opinion of the court in banc on the following question of law reserved, viz. :—

" Whether, under and by virtue of the proceeding and decree of the Court of Common Pleas, Susan Wilson was enabled to pass title to the lot in question to her vendee, by deed in which her husband, Benjamin Wilson, did not join ?

" And if the court shall be of opinion that the law is with the

plaintiff, then judgment to be entered in his favor on the verdict; but if the court shall be of a contrary opinion, then judgment to be entered in favor of the defendants, *non obstante veredicto.*"

The verdict was for the plaintiff.

The court afterwards entered judgment on the verdict in favor of the plaintiff, on the question of law reserved.

The defendants took a writ of error, and assigned for error the rulings on the evidence, and entering judgment on the reserved point.

The Act of 1855 is as follows :—

" Sect. 2. That whensoever any husband, from drunkenness, profligacy or other cause, shall neglect or refuse to provide for his wife, or shall desert her, she shall have all the rights and privileges secured to a *feme sole* trader, under the Act of the 22d of February 1718, entitled ' An Act concerning *feme sole* traders,' and be subject as therein provided, and her property, real and personal, howsoever acquired, shall be subject to her free and absolute disposal during life, or by will, without any liability to be interfered with or obtained by such husband, and in case of her intestacy shall go to her next of kin, as if he were previously dead.

" Sect. 4. That creditors, purchasers and others may with certainty and safety, transact business with a married woman under the circumstances aforesaid, she may present her petition to the Court of Common Pleas of the proper county, setting forth under affidavit the facts which authorize her to act as aforesaid, and if sustained by the testimony of at least two respectable witnesses, and the court be satisfied of the justice and propriety of the application, such court may, upon such notice as they may direct, make a decree and grant her a certificate, that she shall be authorized to act, have the power and transact business as hereinbefore provided ; and such certificate shall be conclusive evidence of her authority, until revoked by such court for any failure on her part to perform the duties of this act made incumbent upon her, which may be ascertained upon the petition of any next friend of her children."

*R. Woods*, for plaintiff in error.

*J. M. Kennedy* and *M. W. Acheson*, for defendants in error.

The opinion of the court was delivered, November 14th 1872, by THOMPSON, C. J.—The learned judge was right in holding that Mrs. Wilson had power, after the proceedings declaring her a *feme sole* trader, to convey her own estate without being joined by the husband.

We have no doubt in regard to this point, and therefore the judgment is

Affirmed.